UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JEREMY BELL,

    Plaintiff,

V.

RUSSELL COUNTY, KENTUCKY and
COMMONWEALTH OF KENTUCKY,

    Defendants.

Civil Action No. 5: 17-116-KKC

**MEMORANDUM OPINION
& ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jeremy Bell is a prisoner confined at the Northpoint Training Center in Burgin, Kentucky. Proceeding without an attorney, Plaintiff filed a civil rights complaint in Fayette Circuit Court, Commonwealth of Kentucky, against Defendants Russell County, Kentucky ("Russell County") and the Commonwealth of Kentucky. [R. 1-3, Complaint]. Russell County removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) [R. 1] and has now filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [R. 3]. Plaintiff has filed a Response [R. 7] and Russell County has filed a Reply [R. 8]. Plaintiff has also tendered a proposed Sur-reply. [R. 9]. Thus, this matter is fully briefed and ripe for review.

**I.    Factual and Procedural Background**

In his Complaint, Plaintiff alleges that he was incarcerated by Russell County officials and that they have "shown differentiation toward him due to his charges and his sexual orientation" in violation of K.R.S. § 344.010(5) and have acted with deliberate indifference toward him. [R. 1-3, Complaint at ¶¶ 2, 4-5]. Plaintiff further alleges that, since he has been incarcerated by the Russell County officials, he has suffered depression, anxiety, low self-esteem, harassment, oppression, malice and deliberate indifference. [*Id*. at ¶ 4-5]. Based on his allegations that the Russell County

officials have "damaged and caused pain and suffering" toward him, he claims that these officials are in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment. [*Id*. at ¶ 5]. Plaintiff further alleges that he was profiled and labeled by the Russell County officials and the prosecuting attorney in violation of an unspecified code of ethics. [*Id*. at ¶ 6]. Based on these allegations, Plaintiff seeks an award of $150,000.00 in monetary and punitive damages. [*Id*.].

As an initial matter, although Plaintiff originally named the Commonwealth of Kentucky as a "Party of Interest," his Complaint only alleges claims against Russell County. [R. 1-3, Complaint]. Regardless, upon removal to this Court, the Court noted that it was unclear whether the Commonwealth of Kentucky had ever been served with process, as there was no Proof of Service on the Commonwealth of Kentucky in the state court record and Russell County alleged upon information and belief that the Commonwealth of Kentucky had never been served with summons and the Complaint. [R. 1, 1-3 State Court Record]. Accordingly, on March 17, 2017, this Court ordered Plaintiff to advise the Court whether, prior to the removal of this action on March 10, 2016, he attempted to serve process upon the Commonwealth of Kentucky, and if so whether service was effected. [R. 6].

In his tendered Sur-reply, Plaintiff states that he never served the Commonwealth of Kentucky "due to the simple fact that the Commonwealth is part of the discriminatory act that was caused to the plaintiff to being with. The defendant was also deliberately indifferent by causing health problems to the plaintiff by causing depression, anxiety, stress being harassed in which dangers the plaintiffs herein." [R. 9 at p. 1]. However, the reasons stated by Plaintiff do not excuse his failure to serve the Commonwealth of Kentucky with summons and the Complaint. As the Commonwealth of Kentucky has not been served with summons and the Complaint in this matter,

under 28 U.S.C. § 1446(b)(2)(A), the Commonwealth of Kentucky's consent to removal is not required. Thus, this case was properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

In addition, after the briefing on Russell County's motion to dismiss the complaint was complete [R. 3, 7, 8], Plaintiff tendered a sur-reply. [R. 9]. The Court's Local Rules do not contemplate or permit the filing of a sur-reply, LR 7.1(c), (g), and hence such filings are not permitted absent leave of the Court. Such leave is only granted to address arguments or evidence raised for the first time in a reply. *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (citing *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003)). "As many courts have noted, '[s]ur-replies ... are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. V. Nat'l Democratic Party of the USA*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).

Russell County did not raise any new arguments in its reply, thus the filing of a sur-reply would not normally be either necessary or appropriate. However, in this case, Plaintiff dedicated his response brief to an argument that, although Russell County gave him notice of the removal of this case to the Eastern District of Kentucky, the Clerk of the United States District Court failed to give him notice that a case number was granted and that the case was "automatically placed" in the United States District Court. [R. 7].[1] Plaintiff did not address the merits of Russell County's arguments in its Motion to Dismiss until he tendered his Sur-Reply. [R. 9]. The Court strongly disfavors Plaintiff's approach. However, in these unique circumstances, in the interest of fairness, the Court will consider the arguments made in his Sur-Reply. The Court recognizes that consideration of Plaintiff's Sur-Reply without providing Russell County an opportunity to file a

---

[1] As noted by Russell County, Plaintiff's argument in his Response is irrelevant, as the Rule he cites in support of his Response, Fed. R. Civ. P. 77(2)(d)(1), pertains to notice of an entry of an order or judgment and is inapplicable to notices of removal.

sur-sur-reply may also be unfair to Russell County. However, Plaintiff's Sur-reply does little to develop Plaintiff's claims beyond re-stating the allegations of his Complaint. [R. 1-3, 9]. Thus, in the interest of efficiency, the Court finds that this matter has been adequately briefed and a sur-sur-reply is not required.

**II.     Analysis**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, the Court must dismiss Plaintiff's complaint for failure to state a claim. The allegations in Plaintiff's complaint consist entirely of conclusory statements and legal conclusions. To state a viable claim for relief, a complaint must do more: it must contain sufficient factual

4

matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp.*, 550 U.S. at 555. Here, the Complaint fails to provide *any* factual basis for Plaintiff's claims. While Plaintiff alleges that he was "discriminated against" based on his sexual orientation and that Russell County was "deliberately indifferent" towards him, he fails to allege any facts in support of these claims. Simply labeling the defendants' actions - whatever they might have been - as "negligent" or "discriminatory" deprives Russell County of notice of the conduct complained of, a notice to which they are entitled. Because the Complaint does not provide any factual basis for the claims set forth within it, it must be dismissed for failure to state a claim. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008)(quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.") and *Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000)("Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.")).

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's construed Motion to File a Sur-Reply [R. 9] is **GRANTED**;

2. Defendant Russell County, Kentucky's Motion to Dismiss for Failure to State a Claim [R. 3] is **GRANTED**.

3. Plaintiff's Complaint [R. 1-3] is **DISMISSED**.

4. All pending motions in this case are **DENIED AS MOOT**.

5. This action is **STRICKEN** from the Court's active docket.

6. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated August 16, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY